**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMIE TURNER,

      Plaintiff,

v.                                                                    Case No. 3:16-cv-646-J-39PDB

INTERLINE BRANDS, INC.,

      Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the parties' Joint Response to Order of Administrative Closure and Reference (Doc. 14; Response). By way of background, on May 26, 2016, Plaintiff initiated this case with her single count complaint to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1). On August 24, 2016, the parties filed a Joint Stipulation of Dismissal without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Doc. 12; Stipulation), wherein the parties announced that they had settled this case.

On September 1, 2016, Plaintiff commenced a parallel state court action. Response at ¶ 3. Unaware of the state court case, on September 6, 2016, this Court rejected the parties' Stipulation, and required the parties to either (1) submit their settlement agreement for the Court's review, or (2) certify that Plaintiff's claims were not compromised. (Doc. 13 at ¶ 1; Order). Instead of complying with the Court's Order, the parties sought and received the state court's approval of their settlement agreement (Doc. 14.1). Now, the parties contend that their Stipulation was self-executing, and

further, that the state court's approval of their settlement agreement should relieve them from having to comply with this Court's Order. Response at ¶¶ 2 and 8.

The Court cannot overstate the importance it places on ensuring the existence of its subject matter jurisdiction. The Court recognizes that federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1468 (11th Cir. 1997).

This case invokes the Court's federal question jurisdiction because Plaintiff's sole claim was based on the FLSA. See City of Huntsville v. City of Madison, 24 F.3d 169, 171–72 (11th Cir. 1994) ("Federal question jurisdiction may be based on a civil action alleging a violation of . . . a federal cause of action established by a [c]ongressionally-created expressed or implied private remedy for violations of a federal statute[.]" (internal citations omitted)); see also Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 933 (11th Cir. 2000) (FLSA provides a congressionally created private right of action).

This much is not in dispute. What is disputed is whether the parties' Stipulation ended the case and divested the Court of jurisdiction.

Federal Rule of Civil Procedure 41(a)(1)(A) allows for the dismissal of an action without court order subject to "any applicable federal statute." In most cases, "a stipulation [of dismissal] . . . is self-executing and dismisses the case upon its becoming effective." See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012). "The stipulation becomes effective upon filing . . . and [a district court] may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." Id.

FLSA cases are not like most cases. Multitudes of courts—including those within this district and those beyond this circuit—recognize "the unique policy considerations underlying the FLSA[.]" Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016); Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307 (11th Cir. 2013) ("Given the 'often great inequalities in bargaining power between employers and employees,' mandatory protections 'not subject to negotiation or bargaining between employers and employees' are needed to ensure that an employer—who has a strong bargaining position—does not take advantage of an employee." (quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352 (11th Cir. 1982))); Farias v. Trade Secrets, LLC, No. 6:14-CV-880-ORL-37, 2014 WL 8771497, at *1 (M.D. Fla. Sept. 18, 2014) ("cautioning that side deals risk conferring an undeserved and disproportionate benefit on the employer and . . . an unanticipated,

devastating, and unfair deprivation on the employee" (internal citation and quotation omitted)).

Consistent with the unique interests Congress seeks to advance through the FLSA, courts have also routinely found that the FLSA is an "applicable federal statute" contemplated by Rule 41. E.g., Cheeks, 796 F.3d at 206. In effect, this means that "although employees, through counsel, often voluntarily consent to dismissal of FLSA claims and, in some instances, are resistant to judicial review of settlement, the purposes of FLSA require that it be applied even to those who would decline its protections." Id. (internal quotations and citation omitted). Therefore, parties are not able to stipulate to the dismissal with prejudice of their claims without judicial approval. Id.; see also Farias, No. 6:14-CV-880-ORL-37, 2014 WL 8771497, at *1 ("Here, the Court has not approved the parties' settlement agreement, and therefore their stipulated dismissal is ineffective."); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246–47 (M.D. Fla. 2010) ("If presented in an FLSA action with a . . . a stipulation for dismissal . . . or the like, the judicial approval required by Lynn's Food and the public's right of access to a judicial proceeding compel the parties to file their agreement in the public docket of the district court." (citing Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352 (11th Cir. 1982))).

What is not as well settled is whether parties may dismiss a case without prejudice despite lacking judicial approval. See Cheeks, 796 F.3d at 201 n.2 ("[W]e leave for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without

prejudice."). In Farias, the court suggested that parties could dismiss their cases without need for judicial approval of their settlement agreement if the dismissal was without prejudice. Farias, No. 6:14-CV-880-ORL-37, 2014 WL 8771497, at *1. The reasoning undergirding Farias and courts that have reached that same conclusion is that "where the parties stipulate to dismissal *without* prejudice, the plaintiff is not foreclosed from refiling any FLSA claim at a later time . . . ." Appleby v. Hickman Const., Inc., No. 1:12CV237-SPM/GRJ, 2013 WL 1197758, at *1 (N.D. Fla. Mar. 25, 2013) (emphasis in original); Perez-Nunez v. N. Broward Hosp. Dist., 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009) ("If the dismissal sought by the Parties were without prejudice, the Court would agree that approval would not be necessary, since Plaintiff would not be foreclosing her ability to vindicate any FLSA claim she may have by refiling at a later time."(internal citation omitted)).

An obvious problem with this line of reasoning is well captured by the iconized words of Shakespeare: "What's in a name? that which we call a rose, by any other name would smell as sweet." Though far afield from the complexities of young love between members of feuding families, the concept behind this quote holds true here. From an employer's perspective, often times a dismissal without prejudice can smell just as sweet as a dismissal with prejudice. One example is well illustrated in Justice v. United States, 6 F.3d 1474, 1481 (11th Cir. 1993), where, owing to the statute of limitations— which are not automatically tolled during the pendency of a case dismissed without prejudice— "the dismissal without prejudice [] operate[d] as a dismissal with prejudice." Another example illustrating the Court's concern is found in Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15-CV-6953 (SJ)(PK), 2016 WL 6156199 (E.D.N.Y. Oct. 3,

2016), report and recommendation adopted, No. 15 CV 6953 (SJ) (PK), 2016 WL
6208481 (E.D.N.Y. Oct. 21, 2016). In Lopez, the court rejected a stipulation of dismissal
purporting to dismiss the case without prejudice because the terms of the parties'
agreement "irrevocably and unconditionally" released the defendants from "any and all
claims asserted in or related to this Action." Id. at 1 n.1 (internal quotations and citation
omitted) (alteration omitted)). In the case at hand, the parties have, thus far, prevented
the Court from any review of their settlement agreement, an agreement which may act
as a bar to any future litigation arising from Plaintiff's claim. The potential of this bar, if
enforceable, would have the practical effect of transforming Plaintiff's dismissal without
prejudice into one with prejudice.

Finally and perhaps most importantly, the Eleventh Circuit Court of Appeals has
explicitly announced its view that permitting "an employer to secure a release from the
worker who needs his wages promptly will tend to nullify the deterrent effect which
Congress plainly intended that [the FLSA] should have." Nall, 723 F.3d at 1307. And,
the presence of counsel on both sides does nothing to alter the need for judicial
oversight of FLSA settlement agreements. Silva v. Miller, 307 F. App'x 349, 351 (11th
Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees
to assure both that counsel is compensated adequately and that no conflict of interest
taints the amount the wronged employee recovers under a settlement agreement.").
Absent judicial review of a settlement agreement it is impossible to ensure that an
employer has not improperly exercised the marked advantage it enjoys over its

employees in terms of bargaining power. This fact is unchanged regardless of whether
an agreement is accompanied by a dismissal with or without prejudice.[1]

Accordingly, after due consideration, it is

**ORDERED:**

On or before **November 18, 2016**, the parties shall submit an appropriate motion
for approval of their settlement agreement resulting from this case. The motion shall
include the settlement agreement as well as any other agreements collateral thereto.
Failure to comply may result in the imposition of sanctions.

**DONE** and **ORDERED** in Jacksonville, Florida this 7th day of November,
2016.

BRIAN J. DAVIS
United States District Judge

Mw
/p
Copies furnished to:

Counsel of Record

_____

[1] The state court's Order Approving Settlement Agreement and Dismissing Case
with Prejudice (Doc. 14.1) does not excuse the parties from complying with this Court's
Order. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1104 (11th Cir. 2004)
("Proceedings in other courts that involve the same facts as already issued judgments
and orders, or that could result in the issuance of an inconsistent judgment, threaten the
jurisdiction of the district court enough to warrant an injunction."). Pending review of the
settlement agreement, the Court expresses no opinion on any other effects of the state
court Order Approving Settlement Agreement and Dismissing Case with Prejudice (Doc.
14.1).